```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WILLIAM K. DUFFY, et al.,

                    Plaintiff(s),           **REPORT AND
                                            RECOMMENDATION**
      -against-                             CV 09-4068 (JS) (WDW)

MASTER WATERPROOFERS, INC.,
WPB PAVEMENT COATINGS,
GEORGE PFAFF, INC., and
WILLIAM P. BECHTOLD, JR.,
                    Defendant(s).
----------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Seybert is the plaintiffs' motion for a default judgment and determination of the damages. On August 18, 2010, the plaintiffs filed a letter reporting that defendant Master Waterproofers had filed a notice of Chapter 11 bankruptcy proceeding. DE[18] The plaintiffs recognized that the court cannot proceed against Master Waterproofers by virtue of the bankruptcy stay, but asked that the motion go forward against the other defendants. For the reasons set forth herein, I recommend that the motion for default judgment be denied as to WPB Pavement Coatings, George Pfaff, Inc. and William P. Bechtold, without prejudice to renewal upon the plaintiffs' filing of legal support for entry of such judgment. If District Judge Seybert accepts this recommendation, I will set a date by which the legal support must be filed and will submit a second R&R based on that argument.

The plaintiffs bring this action pursuant to ERISA, 29 U.S.C. §§1132 and 1145, and seek a judgment to recover monies allegedly owed by the defendants to the plaintiff benefit funds for delinquent contributions, as well as interest, liquidated damages, attorneys fees and costs. They allege that Defendant Master Waterproofers is a party to a collective bargaining agreement ("the Agreement") with the plaintiff Union. *See* Byington Aff., DE[6], ¶12, Ex1. Entry of default

judgment against the non-bankrupt Company defendants, who are apparently not signators to the Agreement, is predicated on the plaintiffs' allegations that WPB Pavement Coatings and George Pfaff, Inc., "operated as a single enterprise and/or together constitute a joint employer and/or are the alter egos of Master Waterproofers and/or WPB Pavement and Pfaff are and have been the successor and/or reorganized business enterprises and/or operated as the disguised continuance of Master Waterproofers." *See id.,* ¶¶14-15. Thus, the plaintiffs state, they are "each and together bound by the Agreement, contractually pursuant to the terms of the Agreement . . . and as a matter of federal labor law as a single employer and/or as alter egos of one another." *Id.,* ¶14. Defendant William P. Bechtold, who also did not sign the Agreement, is similarly liable, the plaintiffs argue, because he exercised control to determine which employees were to be paid by which of the Company Defendants. *Id.,* ¶16-18.

Under these circumstances, the court cannot determine, without legal argument from the plaintiffs, whether it can proceed against the non-bankrupt defendants, and what the legal basis for liability would be if we can proceed. Thus, I recommend that the motion be denied without prejudice to renewal upon the submission of a memorandum of law that address these issues. The plaintiffs must address why, given the alleged consanguinity of the defendants, the bankruptcy stay does not extend to them, and assuming that it does not, they must clarify the bases for imposing joint liability, both on the corporate defendants[1] and on Mr. Bechtold.

## OBJECTIONS

---

[1] They must, for example, address contrasting decisions regarding whether there is ERISA liability for a joint employer who did not sign a collective bargaining agreement. *Compare Olivieri v. P.M.B. Constr., Inc.,* 383 F. Supp. 2d 393, 404 (E.D.N.Y. 2005)(no ERISA liability for joint employer who did not sign CBA) *with National Pension Plan of Unite Here Works Pension Fund v. Westchester,* 2006 WL 2051107, at *12 (S.D.N.Y. July 21, 2006) (finding joint and several liability under ERISA for businesses under common control).

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defendants by certified mail, return receipt requested, and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       August 27, 2010

    /s/ William D. Wall
    WILLIAM D. WALL
    United States Magistrate Judge